IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ROBERT HAGGANS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 3:10cv00279 SWW |
| | * | |
| | * | |
| | * | |
| FORD OF WEST MEMPHIS, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Plaintiff Robert Haggans, who is appearing pro se, brings this action against defendant Ford of West Memphis utilizing a form Title VII complaint but alleging that he was discriminated against on November 24, 2009, in the following manner:

> Because of age and false statement that I stold [sic] a radio and broke company policy. Which I can prove is untrue without a doubt.

Plaintiff makes no other allegations and does not indicate what, if any, action was taken against him for what he claims were untrue accusations. He seeks "pay for pain, suffering and lost income."

By Order entered November 22, 2010 [doc.#4], the Court denied plaintiff's motion for leave to proceed *in forma pauperis*. Plaintiff subsequently paid the filing fee of $350.00.

The matter is now before the Court on motion of defendant to dismiss [doc.#11] on grounds that plaintiff fails to plead a claim that is plausible. Plaintiff has not responded to defendant's motion to dismiss and the time for doing so has long since passed.[1] Having

---

[1] On November 22, 2010, the Court entered an Order [doc.#6] informing plaintiff that he is required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the Local Rules of this Court and that failure to so comply can result in the dismissal of his claim. The Court noted that the Federal Rules of Civil Procedure are available in many libraries and

considered the matter, the Court grants defendant's motion to dismiss.

In reviewing a motion to dismiss, the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, — U.S. — , 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949. "Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, — U.S. — , 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). A well-pleaded complaint may proceed even if it appears that actual proof of those facts is improbable and that recovery is very remote and unlikely. *Twombly*, 550 U.S. at 556. A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 561. Rather, the facts set forth in the complaint must be sufficient to nudge the claims across the line from

---

bookstores, that the Local Rules can be obtained from the Clerk of the Court for the Eastern District of Arkansas, and that said rules may also be accessed from the internet website of the United States District Court for the Eastern District of Arkansas. Plaintiff was also informed that Local Rule 5.5(c)(2) provides: Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

conceivable to plausible. *Id*. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, — U.S. — , 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

The Court finds that plaintiff's allegations do not permit the Court to infer more than the mere possibility of misconduct and that plaintiff's complaint thus has not shown that plaintiff is entitled to relief. Plaintiff does not even allege if he was reprimanded or terminated from his employment. Plaintiff simply has not pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

IT IS THEREFORE ORDERED that this action be and it hereby is dismissed without prejudice. Judgment will be entered accordingly.

IT IS SO ORDERED this 15th day of February 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE